UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:02-CR-137 |
| | ) | (JORDAN/SHIRLEY) |
| RONALD EUGENE PADEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**O R D E R**

This matter came before the undersigned for a competency hearing on October 6, 2005. Steve Cook and Tracee Plowell, Assistant United States Attorneys, appeared as counsel for the government, and Jonathan Moffatt appeared as counsel for the defendant. The defendant was also present. The government offered into evidence the ten (10) page forensic report and certificate of competency from the Federal Detention Center, Miami, Florida, dated September 2, 2005, in so far as it relates to competency only. Neither the government nor the defendant sought to offer any other evidence for the Court to consider on the issue of the defendant's competency. Moreover, the defendant stated that he was competent and had no objection to the Court so finding. Pursuant to 18 U.S.C. § 4241(d), it therefore appears from the report and the Court so finds by a preponderance of the evidence that Mr. Paden is mentally competent to stand trial and that he is able to understand the nature and consequences of the charges and proceedings against him and to assist properly in the defense of the charges brought against him in this case.

Also, at the hearing, the Court took up the matter of rescheduling the trial date now that the defendant is back from his mental evaluation. Initially, the Court notes that all time between the filing of the Government's Motion for Order for Psychiatric or Psychological Examination Pursuant to 18 U.S.C. § 4241 [Doc. 13] through the Court's ruling upon that motion in its Order of Commitment for Mental Examination and Evaluation [Doc. 15] is excludable time under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F), -(J). Additionally, the time during which the defendant was undergoing a mental evaluation pursuant to the Court's order is likewise excludable. 18 U.S.C. § 3161(h)(1)(A). Thus, the Court has reset the trial for **October 21, 2005**, before District Court Judge Leon Jordan. The Court finds that this date is within the period of non-excludable days in which the defendant must be brought to trial.

At the hearing, the *pro se* defendant made comments, which the Court believed could potentially implicate some legal issues. The Court notes that the motion-filing deadline in this case has long expired. Nevertheless, out of an abundance of fairness to the defendant, the Court granted him until **October 13, 2005**, to file any motions. The Court advised the defendant that he could request additional time to prepare pretrial motions, if he deemed it necessary. The Court also noted that either the filing of such request or the filing of a motion could result in a continuance of the October 21 trial date. The Court declined to set a new pretrial conference date at this time, there being no presently pending motions.

Accordingly, it is **ORDERED**:

(1) The defendant is **FOUND** competent to stand trial;

2

(2) The trial of this matter is reset to commence on **October 21, 2005, at 9:00 a.m.**, before the Honorable Leon Jordan, United States District Court Judge; and

(3) The defendant has until **October 13, 2005**, to file any motions.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge